# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SCOTTSDALE INSURANCE COMPANY,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-1055-Orl-28DAB**

**STIERWALT, INC., MELISA BELCUORE-FISK,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST STIERWALT, INC. D/B/A BOOMERANGS (Doc. No. 18)** |
| **FILED:** | **January 5, 2010** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST MELISA BELCUORE-FISK (Doc. No. 19)** |
| **FILED:** | **January 5, 2010** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

This purports to be an action for declaratory relief brought by an insurer against its insured and an unrelated third-party injured on the premises. (Doc. No. 1). Following entry of a default against Defendant Stierwalt, Inc. d/b/a Boomerangs and Melisa Belcuore-Fisk (Doc. Nos. 8, 17),

Plaintiff files the instant motion seeking default final judgments against them declaring that the Policy does not afford coverage fore defense or indemnity to Stierwalt, Inc. for claims and damages of Belcuore-Fisk arising from the May 6, 2006 incident which is the subject of the state court lawsuit filed by Becuore-Fisk against Stierwalt, Inc. Doc. No. 18. It is respectfully **RECOMMENDED** that the Motions be **DENIED.**

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Fed. R. Civ. P. 55(b)(2).

Here, the Complaint does not seek damages, but sets forth certain allegations summarized as follows:

• Plaintiff issued a certain commercial policy to Stierwalt, Inc. d/b/a Boomerangs

• Stierwalt, Inc. operated a an establishment called Boomerangs

• Belcuore-Fisk filed a complaint in state court against Boomerangs alleging that on May 6, 2006, she was assaulted by John Pfeil, who was arrested and charged with certain crimes

• Stierwalt, Inc. did not defend against the lawsuit brought by Belcuore-Fisk and a default judgment for $650,000 was entered against it on August 18, 2008, and final judgment on March 26, 2009

• Plaintiff received notice of these claims and litigation and in response sent out letters reserving its rights and denying coverage.

Doc. No. 1.

Claiming "a question of actual, immediate controversy between the parties" concerning the parties' rights under the policy, Plaintiff demands judgment declaring that it has no duty to defend or indemnify Boomerangs against the claims asserted by Belacuore-Fisk in the state court suit. Doc. No. 1. The problem is that the assertions in the "WHEREFORE" or *ad damnum* clause simply do not follow from the factual allegations elsewhere in the Complaint.

Treating all well pleaded allegations as true, the Court finds this Complaint merely states that there is a controversy, but no controversy between Plaintiff and Stierwalt, Inc. and/or Belcuore-Fisk is set forth in either the Complaint nor in any legal brief or Affidavit in support of the motion. Indeed, Plaintiff files *no* evidence and no brief, apparently relying on no more than the Complaint itself. The Court finds there is no case or controversy sufficient to sustain an action against it; there is no allegation that anyone has claimed there is coverage. Absent a case or controversy, it is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 26, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy